# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 08 CR 746-5 |
| Plaintiff, ) | |
| ) | |
| v. ) | Hon. Charles R. Norgle |
| ) | |
| ALPHONSO CHAVEZ, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Charles R. Norgle, District Judge

Before the court is Defendant Alphonso Chavez's Motion for a New Trial ("Chavez Motion"). For the following reasons, the motion is denied.

## I. BACKGROUND

On April 6, 2011, a jury convicted Alphonso Chavez ("Chavez") of racketeering conspiracy, 18 U.S.C. § 1962(d); drug conspiracy, 21 U.S.C. § 841(a)(1); and three counts of possession with intent to distribute cocaine mixture, id. Chavez was tried with three other defendants in a joint trial in which all defendants were found guilty of all counts. The counts stemmed from the activities of the Latin Kings street gang in the Chicago area. Chavez was allegedly an "Inca" of the 31st and Drake section of the Latin Kings and was responsible for directing other members of the gang in their activities to further the enterprise. Over five weeks, the government presented the jury with evidence including approximately seventy tape and video recordings; cooperating gang members who testified for the government against Chavez; the gang's written constitution and the chapter's local gang rules; cocaine and firearms seized by law enforcement; and

testimony by government agents. The jury was empaneled anonymously, and their verdict form remains sealed. Chavez now moves this court under Rule 33 for a new trial as to his three convictions for possession with intent to distribute.

## II. DISCUSSION

### A. Standard of Review

Rule 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The "task is to determine whether the verdict is so contrary to the weight of evidence that a new trial is required." United States v. Chambers, 642 F.3d 588, 592 (7th Cir. 2011) (citing United States v. Washington, 184 F.3d 653, 657 (7th Cir. 1999)). "A defendant is [also] entitled to a new trial if there is a reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict." United States v. Van Eyl, 468 F.3d 428, 436 (7th Cir. 2006) (citing United States v. Berry, 92 F.3d 597, 600 (7th Cir. 1996)). The court does not view the evidence in a light most favorable to the government, but instead makes its own assessment. See Washington, 184 F.3d at 657; see also Tibbs v. Florida, 457 U.S. 31, 38 n.11 (1982). Granting a Rule 33 motion is nevertheless disfavored except in "the most extreme cases." United States v. Linwood, 142 F.3d 418, 422 (7th Cir. 1998) (quotations omitted). The court "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." United States v. Reed, 875 F.2d 107, 113 (7th Cir. 1989). The court may only order a new trial if "the verdict is against the manifest weight of the evidence" and would result in a "miscarriage of justice." Washington, 184 F.3d at 657-58.

## B. Motion for a New Trial

Chavez refers to the counts against him as listed in the October 22, 2008 original indictment, which charged Chavez with racketeering conspiracy and three counts of cocaine possession with intent to distribute. The September 30, 2009 superseding indictment added a fifth count of conspiring to possess cocaine with intent to distribute. The jury convicted on all five charges. Chavez's motion for a new trial never mentions the drug conspiracy count and does not challenge the racketeering conspiracy count, except as an afterthought.[1] As to the three counts he does challenge, Chavez asserts the government's evidence was insufficient for conviction. The evidence Chavez challenges is directly relevant to proving the conspiracy counts. The government interprets Chavez's motion as challenging all his convictions. Government's Consolidated Resp. to Defs.' Mots. For New Trial and For Acquittal 6, 25 (Gov't Motion). The court therefore considers Chavez's challenge to the sufficiency of the evidence as a challenge to all of his convictions.

Chavez argues the court erred in denying motions before trial that impaired his right to a fair trial. The government contends Chavez's arguments regarding these alleged errors are undeveloped and merit no response by the court. See United States v. Olmeda-Garcia, 613 F.3d 721, 723-24 (7th Cir. 2010); see also Harvey v. Town of Merrillville, No. 11-1041, 2011 WL 2674830, at *6 (7th Cir. July 11, 2011) (arguments that are perfunctory, undeveloped, or unsupported by authority are waived); United States v. Turcotte, 405 F.3d 515, 536 (7th Cir. 2005) (same). First, Chavez argues the court erred when denying his request that "the court prevent the Government from introducing

---

[1] In the final paragraph of his brief, Chavez states that "[t]he evidence presented was insufficient to find that the enterprise existed, that Mr. Chavez joined it and that he participated in any of its racketeering acts." Chavez Mot. 9.

3

various non-relevant testimony and recordings that tended to be unfairly prejudicial." Chavez Mot. 2. Chavez's argument is undeveloped because he fails to specify the evidence to which he objects. Chavez offers not new arguments but conclusory accusations. The court declines to respond. Second, Chavez argues the court erred when denying his request that the court "bar admission of certain recordings: telephonic, video, and audio that were not relevant to the criminal acts alleged." Id. Chavez's argument here is undeveloped because merely reciting the word "certain" is not enough to specify the evidence to which he objects. The court declines to respond.

Chavez also argues that at trial the government's evidence was insufficient to convict him. Chavez develops this challenge, attacking witness testimony and highlighting what he argues are holes in the government's case. Chavez argues that three government cooperators—gang members working undercover for law enforcement—testified at trial that they never saw Chavez "commit any act of violence towards another individual." Id. at 3. Chavez does, however, acknowledge at least one cooperating witness, Milton Shanna, testified to meeting Chavez in October 2007. Id. at 4. But Chavez contends Shanna testified that "he personally never saw" Chavez perform "the duties of a Latin Kings Inca." Id.

Yet Chavez acknowledges that jurors heard Shanna testify that Chavez accepted drugs, though Shanna did not explicitly inform Chavez that he was to sell the drugs for money to benefit the Latin Kings. Id. at 8. Chavez also highlights the fact that Shanna acknowledged that Chavez may have bought the drugs for "personal use." Id. at 8-9. Chavez relies as well on testimony of special agent Joe Ruzevich who told jurors that Chavez "was not the target o[f] their investigation." Id. Chavez contends that, in sum,

4

the evidence showed he was absent from gang meetings and was not involved in the activities of the gang as charged. Id. at 5-9.

The government contends the evidence was sufficient to convict Chavez on all counts. Jurors heard multiple tapes capturing what the government claims were Chavez repeatedly accepting cocaine for his gang section to sell, paying for the cocaine, discussing his gang section's reserve of weapons, and talking gang business. Gov't Mot. at 25. More specifically, the government argues the evidence showed that Chavez discussed a November 12, 2007 gang meeting in Humboldt Park that his gang section attended to support the gang's alleged leader, co-defendant Augustin Zambrano. Id. On November 27, 2007, the government argues, the tape evidence captured Chavez discussing that the members of his gang section shot a person in an automobile. Id. The government contends the evidence also recorded Chavez arguing for permission from other gang leaders to exempt the members of his gang section from having to "perform mandatory bust-outs for a period of time because of the police presence in the area." Id. Trial testimony explained that "bust-out" is a term for a show of force and neighborhood protection by Latin Kings.

The government argues that although Chavez may have "a different reading of the recordings and testimony," in the end "his interpretation was rejected by the jury." Id. Chavez himself points out that jurors heard testimony that Chavez bought drugs, that he was known to other Latin Kings, and that he was on the government's radar, if only comparatively late in the investigation. The court agrees with the government that jurors heard evidence sufficient to convict Chavez on both conspiracy charges and on all three charges of intent to distribute cocaine. Even if Chavez is correct that a reasonable juror

could agree with Chavez, the standard for a new trial under Rule 33 is much higher. Chavez also argues the government's evidence was insufficient for conviction. This is a higher standard yet, invoking Rule 29 and requiring a finding that no rational juror could have convicted beyond a reasonable doubt. See United States v. Howard, 619 F.3d 723, 726 (7th Cir. 2010). Chavez falls well short of the Rule 29 mark for acquittal. Chavez likewise fails to present an argument that the weight of the evidence was so against the verdict that in the interest of justice a new trial is required under Rule 33. See Chambers, 642 F.3d at 592. Nor can the court say there is "a reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict." Van Eyl, 468 F.3d at 436. Making its own assessment of the evidence in this Rule 33 analysis, the court does not find that refusing a new trial would result in a "miscarriage of justice." Washington, 184 F.3d at 657-58.

### III. CONCLUSION

Viewing the evidence in the light most favorable to the government, but without weighing the evidence or making credibility determinations, the court finds that a rational juror could have found Chavez guilty on every element of all five counts. Making its own assessment of the evidence, the court in its Rule 33 analysis finds that no trial error, alone or in the aggregate with other alleged errors, had a prejudicial effect on the jury's verdict. Nor was the verdict so against the weight of the evidence as to warrant a new trial for Chavez. For the foregoing reasons, the Chavez Motion is denied.

IT IS SO ORDERED.

ENTER: 10-6-11

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: