IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 08-cr-746-5 |
| ALFONSO CHAVEZ, | Judge Mary M. Rowland |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant Alfonso Chavez seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [1813]. For the reasons herein, this Court denies Chavez's motion for compassionate release. This Court also considers Chavez's motion as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines and denies Chavez relief under that provision as well.

**I. Background**

On October 22, 2008, a grand jury returned a multi-count indictment charging Chavez with narcotics conspiracy and other narcotics offenses. [134]. On September 30, 2009, a superseding indictment charged Chavez with a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to possess and distribute mixtures containing cocaine, in violation of 21 U.S.C. § 846 (Count 11); and possession with intent to distribute a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 27, 38, and 46). [299]. On April 6, 2011, a jury found Chavez guilty on all counts. [845].

1

Before trial, the government filed a notice of its intent to seek an enhanced sentence due to Chavez's prior state felony drug convictions. Chavez thus faced a statutory maximum of thirty years on each substantive drug offense. The Court sentenced Chavez to the statutory maximum, imposing a term of 20 years in prison on Count 1 and terms of 30 years on Counts 11, 27, 38, and 46, all running concurrently. [1202]. The Seventh Circuit affirmed Chavez's conviction and sentence. [1405]; *United States v. Garcia*, 754 F.3d 460, 479–82 (7th Cir. 2014).

Chavez filed a petition under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence, *United States v. Chavez*, 16-cv-00745 (N.D. Ill. Jan. 14, 2016), ECF No. 1. The district court denied the petition March 2017. *Id*, ECF No. 25.

Chavez then filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that the state offenses used to enhance his drug trafficking sentences did not count as "felony drug offenses" under *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. De La Torre*, 840 F.3d 938, 949 (7th Cir. 2019), *reh'g denied* (Dec. 2, 2019). *Chavez v. Entzel*, 19-cv-1357 (C.D. Ill. Nov. 4, 2019), ECF No. 1. The Court recognized the merits of Chavez's claim, but finding that he could have raised it earlier, denied the petition. *Id.*, ECF No.15.

Chavez now moves for compassionate release pursuant to the First Step Act, arguing that the following extraordinary circumstances warrant a sentence reduction: (1) gang renunciation and rehabilitation; (2) sentencing disparity; (3) the unlawful sentencing enhancement based on prior state offenses; (4) Amendment 782 to the sentencing guidelines that reduced base offense levels for certain drug

2

convictions; (5) risk of exposure to COVID-19 and monkeypox; (6) harsh prison conditions; (7) his young age at the time of the offense; and (8) family circumstances, including a terminally ill father. [1812]; [1813]; [1828]. The Government opposes Chavez's motion, noting, though, that this Court could construe Chavez's invocation of Amendment 782 as a motion for sentence reduction under §3852(c)(2). [1826]. Chavez accordingly requested the Court to "consider this Amendment [782] when it makes its decision." [1828] at 3.

## II. Compassionate Release

### A. Standard of Review

Under 18 U.S.C. § 3582(c)(1)(A), this Court may grant a defendant's motion for compassionate release after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Here, the parties do not dispute that Chavez has properly exhausted his administrative rights.

Once a defendant satisfies the exhaustion requirement, courts use two steaps to analyze a motion for compassionate release. *United States v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022). First, the defendant must present an extraordinary and compelling reason that warrants a sentence reduction. *Id.*; *United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021). If a court finds such reasons exist, it must then weigh applicable sentencing factors in 18 U.S.C. § 3553(a). *Peoples*, F.4th at 840; *United States v. Sarno*, 37 F.4th 1249, 1253 (7th Cir. 2022).

Courts use the sentencing guidelines promulgated by the U.S. Sentencing Commission to identify extraordinary and compelling reasons. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). On November 1, 2023, the Sentencing Commission amended Section 1B1.3 of the U.S. Sentencing Guidelines, updating the policy statement to cover prisoner-initiated motions for compassionate release. U.S. Sentencing Comm'n, *Adopted Amendments (Effective November 1, 2023)*, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

### B. Analysis

Chavez does not present extraordinary and compelling circumstances, either alone or in combination, that justify his early release. Chavez first argues that his "sentence is not proportional to other sentences imposed on like defendants." [1812] at 16-19. But where Chavez bears the burden of establishing extraordinary and compelling circumstances, he does not point to other defendants who received lower sentences to flesh out this argument.

Chavez next asserts that the sentencing enhancement applied to him under 21 U.S.C. § 851 is now unlawful. [1812] at 9-11. He is correct that if he were sentenced today, his previous state offenses would not count for the purpose of the enhancement, and he would be subject to a lower statutory maximum. *See De La Torre*, 940 F.3d at 949. The amended Sentencing Guidelines classify such non-retroactive changes in the law as extraordinary and compelling circumstances in "narrowly circumscribed" situations. U.S. Sentencing Comm'n, *Adopted Amendments*. Under § 1B1.13(b)(6), for

4

a non-retroactive change in law to be considered an extraordinary and compelling reason, a defendant must: (a) be serving an unusually long sentence; (b) have served at least ten years of the sentence; and show (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. "The change in law can qualify as an extraordinary and compelling reason after the court has fully considered the defendant's individualized circumstances." *Id.* If the defendant cannot satisfy the (b)(6) requirements, but establishes any other extraordinary and compelling circumstance, the change in law "may be considered" in calculating any sentence reduction. *Id.*

Here, again, Chavez does not demonstrate that he is serving an unusually long sentence in comparison to other defendants convicted of serious racketeering and drug trafficking conspiracies. Chavez does satisfy the other (b)(6) requirements though, as he has served at least ten years of his sentence, and the now-unlawful sentencing enhancement added ten years to his term length. The Court will thus consider the change in law in conjunction with his other arguments for extraordinary and compelling circumstances. Chavez's arguments based on Amendment 782 to the federal sentencing guidelines, meanwhile, are best addressed through the lens of § 3582(c)(2). *See United States v. Guerrero*, 946 F.3d 983, 990 (7th Cir. 2020) (noting criminal defendants have "one bite at the Amendment 782 apple to which (they are) entitled under § 3582(c)(2).").

5

Chavez next raises concerns about COVID—specifically, the "very real possibility" of being subjected to a new COVID strain and becoming seriously ill. [1812] at 15. Chavez's COVID-related concerns are non-specific and unsupported, and therefore do not constitute compelling and extraordinary circumstances. Chavez has refused to receive the COVID-19 vaccine despite its availability and potential benefit. [1827] at 2. Given the availability of safe and effective vaccines, "prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release unless they can demonstrate that they are medically unable to receive or benefit from the available vaccines." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022) (citing *United States v. Ugbah*, 4 4 F.4th 595, 597 (7th Cir. 2021)). Chavez has not offered a legitimate reason for refusing the vaccine, further weakening his position. *United States v. Broadfield*, 5 F.4th 595, 597 (7th Cir. 2021) (denying compassionate release based on risk of COVID-19 for defendant who declined to be vaccinated). Chavez also protests the risk of monkeypox in federal prison but cannot point to a specific threat or incidence of disease in his facility. [1827] at 15-16. These generalized concerns do not rise to the level of extraordinary and compelling reasons. *See United States v. Thompson*, 984 F.3d 431, 435 (5th Cir 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release.").

Chavez goes on to contend that he has experienced unusually harsh conditions in prison, largely due to lockdown measures that the Federal Bureau of Prisons has undertaken to curb the spread of COVID-19. [1812] at 16. A compassionate release motion "is not the right vehicle" to challenge conditions of confinement. *United States*

6

*v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022); *see also United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021) (observing that federal inmates may challenge "medically unsafe conditions of confinement" by filing a civil suit under the Eighth Amendment), *cert. denied*, 142 S. Ct. 476 (2021).

Chavez also argues that his family circumstances warrant compassionate release. [1812] at 21-23; [1828] at 21-32. He asserts, along with supporting medical records, that his father is elderly and ill with severe diabetes and late-stage kidney failure. Chavez also states that his mother is the only other family member who can care for his father, and her old age weakens her ability to care for Chavez's father. [1812] at 22; [1828] at 19. The amended sentencing guidelines expand extraordinary and compelling circumstances based on "family circumstances" to cases in which a defendant's parent requires caregiving and the defendant is the only available caregiver. §1B1.3 (b)(3)(C). Here, Chavez's mother affirmed that she would appreciate Chavez "giving her a hand" with his father, not that she was wholly unable to administer care herself. [1828]. While this Court is sympathetic to Chavez's wish to lighten his mother's load, Chavez must show that he is the only "only available caregiver for [his dad]." §1B1.3 (b)(3)(C).

Chavez also argues that his age at the time of the offense is an extraordinary and compelling reason for release. [1812] at 20-21. Chavez's youth—he was only 22 at the time he was sentenced—could indeed have inflected immaturity into the actions that led to his conviction. The Supreme Court has directed courts to consider a defendant's young age at sentencing, *e.g., Miller v. Alabama*, 567 U.S. 460, 472, 132

7

S.Ct. 2455, 183 L.Ed.2d 407 (2012). All told, though, Chavez's youth is in tension with his extensive involvement in the Latin Kings. Chavez held a leadership position in an organized criminal enterprise, gave orders to subordinates, and engaged in activities that reflected deliberation and calculation.

Finally, Chavez focuses on his personal growth and rehabilitation, including his renunciation of gang affiliation. [1812] at 19, 23. Chavez professes remorse for his gang participation. *Id.* He has maintained a clean disciplinary record, participated in prison programming, and attaches numerous letters from family, friends, and a BOP nurse attesting to his character. *Id.* at 21-26, 47, 59; [1812-1] at 1-11. Chavez also states that if he were released, he would enjoy strong family support and secure viable employment. [1812] at 28. Without minimizing the efforts Chavez has undertaken to improve himself, this Court can only allow release when successful rehabilitation is offered in conjunction with another extraordinary and compelling reason. §1B1.3(d); *Peoples*, 41 F.4th at 842 (quotation omitted); *see United States v. Andrews*, 480 F.Supp.3d 669, 687-89 (E.D. Pa. 2020), *aff'd*, 12 F.4th 255 (3d Cir. 2021) (collecting cases).

In sum, Chavez does not demonstrate any compelling or extraordinary circumstances to warrant his release. For this reason, this Court denies his motion for compassionate release.

### III. 18 U.S.C. § 3582(c)(2)

#### A. Standard of Review

18 U.S.C. § 3582(c)(2) allows a district court to reduce a defendant's sentence if they were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "[A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court can make such a reduction that is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Courts may take such action upon their own motion, or that of a defendant or the Bureau of Prisons. Critically, though, this Court may only reduce a sentence if the pertinent amendment would *effectively lower* the defendant's applicable guideline range. *See, e.g., United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011) (emphasis added).

Amendment 782 to the sentencing guidelines, made effective in November 2014, lowered the base offense level for a variety of drug offenses by two levels. *Guerrero*, 946 F.3d at 985 (7th Cir. 2020). These reductions were made retroactive. *Id.* Here, while Chavez did not present a formal motion invoking § 3582(c)(2), he made repeated references to Amendment 782 and its effects on his sentence. [1812] at 11-12; [1828] at 3. As the Government acknowledges, this Court may *sua sponte* consider whether Chavez is eligible for a reduction under § 3582(c)(2).

#### B. Amendment 782 Does Not Change the Guideline Range Used to Sentence Chavez

The original Presentence Investigation Report assigned Chavez an offense level of 39 and criminal history of IV, calculating a guideline range of 360 months to

9

life. [1228]. Before the sentencing hearing, though, the Probation Office corrected the drug quantity Chavez was responsible for trafficking to more than 400 grams, but less than 500 grams, lowering the offense level to 38. *See* [1204]. The Court agreed to this drug quantity at sentencing without objection from the parties. *Id.*

Chavez does not detail what effect Amendment 782 would have on his sentence. [1812] at 11. The government's calculation would lower Chavez from a base offense level in Count One from 39 to 38. [1826] at 16. Amendment 782 would reduce Act Three of Count One from 26 to 24, adjusting the units added to the Count One offense level from 2.5 to 2. *Id.* In the end, only two units would be added to Count One, bringing Chavez's final adjusted offense level to 38. *Id.* The advisory guideline range for an offense level of 38 and criminal history of IV is 324 to 405 months.

There is one hurdle to Chavez receiving this adjusted range: the sentencing court already imposed a sentence using this lower range. *See* [1204]. The court's final sentence of 30 years, or 360 months, falls within those bounds. Ergo, Amendment 782 would have no effect on the guideline range used to sentence Chavez.

The Seventh Circuit has held that § 3582(c)(2) only permits relief if the amended guidelines reduce "the bottom-line, final range that was the basis for the sentence," not "any other intermediate step in the guideline calculation." *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015). A district court may not modify a sentence if a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." *Id.* Here, Amendment 782 applies to Mr. Chavez's conviction, and would indeed lower the original base offense level calculated

10

in his PSR. Yet applying the Amendment would not reduce the *actual* offense level and guideline range used by the sentencing court. This Court may not act under § 3852(c)(2) only to impose an identical guideline range. For this reason, this Court declines to reduce Chavez's sentence.

### C. The Section 3553(a) Factors Do Not Weigh in Favor of a Sentence Reduction

Even if compelling and extraordinary circumstances existed in this case, the Section 3553(a) factors do not favor Chavez's release. Chavez operated as a "Section Inca," a leader of a street section for the Latin Kings. *Garcia*, 754 F.3d at 479. Among other tasks, he carried out directives from his superiors in the drug trafficking conspiracy, including ordering a shooting of an innocent person who sped through his chapter's territory. *Id.* at 481. Chavez was convicted of participating in a racketeering conspiracy involving murder, attempted murder, aggravated assault, extortion, and drug trafficking. *Id.* at 465. His supervision of violence weighs against early release. *See Sarno*, 37 F.4th at 1253 (affirming the district judge's denial of compassionate release and characterizing a "racketeering conspiracy" as a "grave and violent crime."). This Court acknowledges that Chavez has taken steps towards rehabilitation. He has disavowed his gang affiliation and prepared himself to earn a stable, legal living upon his release. [1812] at 23, 26, 28. Still, considering the gravity of his conviction, the Court cannot conclusively determine that releasing Chavez would "reflect the seriousness of the offense and promote a respect for the law." 18 U.S.C. § 3553(a)(2)(A).

11

## IV. Conclusion

For the stated reasons, this Court denies Alfonso Chavez's motion for compassionate release, [1813], and finds him ineligible for a reduced sentence under 21 U.S.C. § 3852 (c)(2).

E N T E R:

Dated: May 16, 2024

_____
MARY M. ROWLAND
United States District Judge