IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ALFONSO CHAVEZ, Defendant. | Case No. 08-cr-746-5 Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Defendant Alfonso Chavez seeks sentencing relief pursuant to 18 U.S.C. § 3582(c)(1)(A) and Amendment 821 to the United States Sentencing Guidelines. [1876]. For the reasons herein, the Court denies Mr. Chavez's motion for a reduced sentence.

**I. Background**

On October 22, 2008, a grand jury returned a multi-count indictment charging Mr. Chavez with narcotics conspiracy and other narcotics offenses. [134]. On September 30, 2009, a superseding indictment charged Mr. Chavez with racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to possess and distribute mixtures containing cocaine in violation of 18 U.S.C. § 846 (Count 11); and possession with intent to distribute a mixture containing cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 27, 38, and 46). [299]. Prior to trial, the Government filed notice pursuant to 21 U.S.C. § 851 of its intent to seek an enhanced sentence due to

1

Mr. Chavez's prior felony drug convictions in state court. [1812] at 7. On April 6, 2011, a jury found Mr. Chavez guilty on all counts. [845].

The original Presentence Investigation Report assigned Mr. Chavez an offense level of 39 and criminal history category of IV, resulting in a guidelines range of 360 months to life. [1228]. Before sentencing, the Probation Office corrected the drug quantity Mr. Chavez was responsible for trafficking to more than 400 grams but less than 500 grams, which lowered the offense level to 38. *See* [1204]. The Court agreed to this quantity at the sentencing without objection from the parties. [1874] at 12-14. At the sentencing, the Court determined that Chavez had a total criminal history score of eight, comprised of six criminal history points for prior criminal convictions combined with two status points. [1876] at 3. This score corresponded to a criminal history category of IV, which combined with an offense level 38 to result in a guidelines range of 324-405 months. [1874] at 13-14. The Court sentenced Mr. Chavez to the statutory maximum for all counts, including the enhancement pursuant to § 851, imposing a term of 20 years for Count 1 and terms of 30 years for Counts 11, 27, 38, and 46, all running concurrently. *Id.* at 54. In 2014, Mr. Chavez's conviction and sentence was affirmed by the Seventh Circuit. *See United States v. Garcia*, 754 F.3d 460, 488 (7th Cir. 2014).

In 2016, Mr. Chavez filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied. *United States v. Chavez*, 16-cv-00745 (N.D. Ill. Jan. 14, 2016), ECF Nos. 1, 25. In 2019, Mr. Chavez filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his state drug

convictions should not have been considered "felony drug offenses" under *Mathis, v. United States*, 579 U.S. 500 (2016) and *United States v. De La Torre*, 940 F.3d 938, 949 (7th Cir. 2019), *reh'g denied* (Dec. 2, 2019). *Chavez v. Entzel*, 19-cv-1357 (C.D. Ill. Nov. 4, 2019), ECF No. 1. The Court denied the petition as untimely, although the Court recognized the merits of his argument. *Id.*, ECF No. 15.

In 2022, Mr. Chavez filed a motion for compassionate release pursuant to the First Step Act, arguing a variety of extraordinary circumstances to warrant reduction in sentence, including post-conviction rehabilitation, gang renunciation, the unlawful sentencing enhancement based on state offenses, risk of exposure to COVID-19 and monkeypox, harsh prison conditions, his young age at the time of the offense, family circumstances, and Amendment 782 of the sentencing guidelines that reduced the base offense levels for certain drug convictions. [1812]; [1813]. The Government's response, although opposing the motion, noted that Mr. Chavez's argument regarding Amendment 782 could be considered under § 3852(c)(2). [1826] at 16. The Court denied Mr. Chavez's motion, holding that Mr. Chavez had not presented extraordinary and compelling circumstances, alone or in combination, to justify early release. [1845] at 4. Additionally, the Court *sua sponte* agreed to consider a reduction in sentence under Amendment 782 pursuant to § 3852(c)(2) but concluded that because the amendment would not have modified the guideline range used in sentencing, Mr. Chavez was also ineligible for reduction on those grounds. *Id.* at 9-10.

3

Now Mr. Chavez, acting pro se, moves for a sentence reduction under § 3582(c)(1)(A) and Amendment 821 to the United States Sentencing Guidelines. [1876]. The Government has not filed a response, but the Court presumes the arguments made in response to Mr. Chavez's previous motion continue to stand. *See generally* [1826].

## II. Standard of Review

### A. 18 U.S.C. § 3583(c)(1)(A)

As in his previous motion for reduction in sentence [1813], Mr. Chavez is requesting a reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). [1876] at 1. Under § 3583(c)(1)(A), this Court may grant a defendant's motion for compassionate release after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Once a defendant satisfies the exhaustion requirement, a court uses a two-step analysis in determining whether compassionate release is warranted. *See United States v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022). First, the defendant must present an extraordinary and compelling reason that warrants a sentence reduction. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). If a court finds such reasons exist, it moves to the second step to weigh the relevant sentencing factors under 18 U.S.C. § 3553(a). *Peoples*, 41 F.4th at 840; *see also United States v. Sarno*, 37 F.4th 1249, 1253 (7th Cir. 2022).

4

Because Mr. Chavez asserts no "extraordinary or compelling reason[s]" to warrant a sentence reduction and instead bases his argument on the changes in law enacted via Amendment 821, Part A of the United States Sentencing Guidelines, this motion should have been made pursuant to 18 U.S.C. § 3582(c)(2). *See, e.g., United States v. Cherry*, 2024 WL 2831203 at *1 (N.D. Ind. June 4, 2024); *United States v. Hubbard*, 2024 WL 1675758 at *1 (S.D. Ill. April 18, 2024); *United States v. Bonds*, 121 F.4th 1129, 1130 (7th Cir. 2024). As in the previous motion, the Court may *sua sponte* consider whether Mr. Chavez is eligible for a reduction in sentence under § 3582(c)(2) based on Amendment 821. *See* [1845] at 9.

### B. 18 U.S.C. § 3582(c)(2)

18 U.S.C. § 3582(c)(2) allows a district court to reduce a defendant's sentence if they were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). "[A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court can make such a reduction that is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. Courts may take such action upon their own motion, or that of a defendant or the Bureau of Prisons. *Id*.

The Supreme Court's decision in *Dillon v. United States* sets forth a two-prong analysis where "[a]t step one, § 3582(c)(2) requires the court to follow the Commission's instruction in § 1B1.10" to determine eligibility for a sentence reduction. 560 U.S. 817, 827 (2010). Second, the court must consider the applicable § 3553(a) factors to determine whether the sentence reduction is warranted. *Id*. "§

5

3582(c)(2) does not authorize a resentencing." *Id.* at 831. "Instead, it permits a sentence reduction within the narrow bounds established by the Commission." *Id.* Critically, this Court may only reduce a sentence if the pertinent amendment would effectively lower the defendant's applicable guideline range. *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Amendment 821 Part A to the United States Sentencing Guidelines, made effective in November 2023, modified the application of status points associated with a defendant's criminal history. U.S.S.G. § 4A1.1(e) (2023). The amendment zeroes out status points for an individual with six or less criminal history points, while individuals with seven or more criminal history points receive only one status point instead of two. *Id.* As of February 1, 2024, Amendment 821 applies retroactively. *See* U.S.S.G. § 1B1.10(d) (2023).

### III. Analysis

#### A. Amendment 821 Reduces the Applicable Sentencing Guideline Range

At sentencing, Mr. Chavez received two criminal status points under § 4A1.1(d), for a total criminal history score of eight, corresponding to a criminal history category of IV. [1876] at 3. Under Amendment 821, Mr. Chavez would receive no additional points, leaving his total at six. *See* U.S.S.G. § 4A1.1(e) (2023). This reduction in total criminal history points reduces his criminal history category to III, which combines with an offense level of 38 to produce a guidelines range of 292-365 months. *See* U.S.S.G. Manual, Part A—Sentencing Table. Because Mr. Chavez's

6

sentencing range is reduced by Amendment 821, he is eligible for a reduction should the § 3553(a) factors weigh in favor of relief. *Dillon*, 560 U.S. at 826.

### B. The Section 3553(a) Factors Do Not Weigh in Favor of a Sentence Reduction

Mr. Chavez argues that his post-conviction conduct, including over 3,000 hours of participation in rehabilitative programs, demonstrates a commitment to rehabilitation. [1876] at 5. Beyond stating that his requested reduction in sentence from 360 months to 318 months "would satisfy the . . . 3553(a) factors," Mr. Chavez provides no additional evidence or no argument to distinguish his current motion from his previously denied motion on this topic. *Id.* In his previous motion, Mr. Chavez made similar arguments in more detail, discussing his gang renunciation [1812] at 12-13, rehabilitation *id.* at 19-20, and each § 3553(a) factor *id.* at 23-26. The Government, in its response to Mr. Chavez's previous motion, argued that the § 3553(a) factors weighed against a sentence reduction due to the severity of his convictions and prior criminal history, which outweighed positive factors including his rehabilitation. [1826] at 15. In denying Mr. Chavez's previous motion, the Court found that his steps toward rehabilitation could not outweigh the need to "reflect the seriousness of the offense and promote a respect for the law." [1845] at 11 (quoting § 3553(a)(2)(A)). Absent additional evidence or new arguments from Mr. Chavez, the Court "cannot conclusively determine" that the § 3553(a) factors weigh differently now than on the previous motion. *Id.*

Mr. Chavez references "his stellar programming and disciplinary record" during his incarceration to support a reduction in sentence, but also "admits that

7

there has [sic] been some minor bumps in the road" with no additional information as to what sort of conduct or circumstances that might entail. [1876] at 5. Mr. Chavez's extensive participation in rehabilitative programming, standing alone, is insufficient to counter the gravity of his conviction.

Chavez operated as a "Section Leader" of the Latin Kings and was convicted of participation in a racketeering conspiracy including violent offenses of murder, attempted murder, and aggravated assault, as well as extortion and drug trafficking. *See Garcia*, 754 F.3d at 479-81. In furtherance of the conspiracy, he carried out further violence, ordering the shooting of an innocent person as he "drove through Chavez's turf." *Garcia*, 754 F.3d at 481. Although Mr. Chavez's guidelines range was reduced, his current sentence of 360 months is within the amended guidelines range of 292-365 months. Given the "particular circumstances of the case," including the need to deter future criminal conduct and protect the public from further violent crimes, the Court declines to use its discretion to reduce Mr. Chavez's sentence. *Dillon*, 560 U.S. at 827; 18 U.S.C. § 3553(a)(2). *See also United States v. Campos*, 2025 WL 2083187 at *1 (7th Cir. 2025) (affirming the district court's denial of the defendant's motion for reduction in sentence where the court considered his rehabilitation but felt it could not outweigh the seriousness of the offense).

IV. Conclusion

For the stated reasons, this Court denies Mr. Chavez's motion for reduction in sentence [1876] under 18 U.S.C. § 3582(c)(2).

8

E N T E R:

Dated: September 5, 2025

_____
MARY M. ROWLAND
United States District Judge

9